**Arutyun DEMIRCHYAN, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

No. 06–73326

United States Court of Appeals, Ninth Circuit.

OCTOBER 03, 2017

Submitted November 14, 2016 *
San Francisco, California

Geoffrey Alan Hoffman, Houston, TX, Ira J. Kurzban, Kurzban, Kurzban, Weing-

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument.

er, Tetzeli, & Pratt Pa, Miami, FL, James L. Rosenberg, Esquire, Law Offices of James L. Rosenberg, Los Angeles, CA, for Petitioner.

Peter H. Matson, Esquire, Jeffrey Ronald Meyer, Esquire, OIL, DOJ–U.S. Department of Justice, Washington, DC, CAC–District Counsel, Esquire, Office of the Chief Counsel Department Of Homeland Security, Los Angeles, CA, Chief Counsel Ice, Office of the Chief Counsel Department Of Homeland Security, San Francisco, CA, for Respondent.

Before: W. FLETCHER, GOULD, and RAWLINSON, Circuit Judges.

### MEMORANDUM **

In conjunction with his petition for review of an order of removal, Arutyun Demirchyan challenges the district court's findings of fact and conclusions of law determining that he did not receive derivative citizenship through his mother. We have jurisdiction under 8 U.S.C. § 1252, and we affirm.

We review for clear error a district court's factual findings, including its ultimate conclusion about citizenship. *Mondaca–Vega v. Lynch*, 808 F.3d 413, 426 (9th Cir. 2015) (en banc). Our holding in *Mondaca–Vega* forecloses Demirchyan's argument that *de novo* review should apply to citizenship determinations.

It is undisputed that Demirchyan is not a citizen if he was born in 1976 and that his petition for review fails if he is not a citizen. The district court did not clearly err in determining that Demirchyan was born in 1976 rather than 1977 and that he is therefore not a citizen. Both Demirchyan's Registration for Classification as Refugee and his Armenian birth certificate issued in 1988 reflect a 1976 birthdate.

*See* Fed. R. App. P. 34(a)(2).

Demirchyan argues that the district court improperly placed the burden of proof on him to show that he was born in 1977. This argument is unpersuasive. The district court correctly applied the burden-shifting framework articulated in *Ayala–Villanueva v. Holder*, 572 F.3d 736, 737 n.3 (9th Cir. 2009). Under that framework, evidence of foreign birth gives rise to a rebuttable presumption of alienage and shifts the burden to the petitioner to prove citizenship. Only after the petitioner produces "substantial credible evidence" of citizenship is the presumption rebutted and the burden returned to the government. *Id.* The district court did not err in concluding that Demirchyan failed to advance substantial credible evidence of citizenship, because each of Demirchyan's documents showing a 1977 birthdate was deemed either inadmissible or unreliable.

Demirchyan challenges several of the district court's evidentiary rulings. We review a district court's decision to admit or exclude evidence for abuse of discretion. *United States v. Albino–Loe*, 747 F.3d 1206, 1210 (9th Cir. 2014). First, Demirchyan contends that the district court erred in excluding his 1997–issued birth certificate. This argument is unavailing. The district court did not abuse its discretion in finding that the witnesses offered to authenticate the birth certificate were not credible and that Demirchyan had failed to authenticate the document by other means. Second, Demirchyan argues that the district court erred in failing to credit two revoked U.S. passports and various other documents. The district court reasonably concluded that the documents were entitled to very little weight because they were generated by self-reporting by Demirchyan after he had a motive to establish that he was born in 1977. Finally,

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

Demirchyan argues that the district court erred in citing to his perjury convictions without conducting the balancing required by Fed. R. of Evid. 609(b) for convictions that are more than ten years old. To the extent this was error, it was harmless. *See United States v. Edwards*, 235 F.3d 1173, 1178–79 (9th Cir. 2000) (holding that the erroneous admission of evidence warrants reversal only if such error more likely than not affected the outcome of the proceedings). The district court articulated additional reasons for his credibility assessment, including Demirchyan's "clear bias" and his lack of personal knowledge.

Finally, Demirchyan argues that the district court misinterpreted our 2011 transfer order and erred in precluding various new witnesses from testifying on remand. Although the district court construed our transfer order narrowly, its interpretation of the order was not unreasonable.

**PETITION DENIED.**

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.